Upon Motion of Mr. Rutledge Sollicitor for the Complainant in this Cause, and by Concurrence and with Consent of all Parties concerned, It is Ordered, That the Award made in this Cause and returned by Gabriel Manigault and Benjamin Smith Esq. Mr. William Woodrop and Mr. John Watsone Arbitrators therein named be Confirmed Established and made binding on all Parties by the Decree of this Court; Saving nevertheless to Elizabeth Quincy one of the Defendants in this Suit her Right to be allowed in Discompt out of the Sum of £8376 .10 Sterling which was Awarded to her Son Charles Hill deceased and Interest thereon, All such Sum and Sums of Money with Interest, as Shall appear to have been truely paid lent Advanced or Expended by her to and for the use of her said Son in his Lifetime, and to the End that such Discount may be the better Settled and Ascertained, And that the Amount thereof when known may be passed to the Credit of the Said Elizabeth Quincy, It is further Ordered, that the Several Accounts and Charges of the Said Elizabeth Quincy against her Said Son together with the Vouchers in Evidence and Support thereof be forthwith Audited and Examined by the Master of this Court, And that he make Report of the true State of such Accounts and Charges with the Ballance thereof in favour of the Said Elizabeth Quincy, and of the Proofs and Vouchers by which every Article is Supported on or before the [blank] day of [blank] next, and that such Ballance so Reported and found by the said Master shall be Deducted from the said Sum of £8376 .10 Sterling and the said Elizabeth Quincy by the Decree of this Court made Chargeable to the Executors of her said Son only for what Ballance shall remain after such Deduction.
Alexr Stewart Deputy Register in Chancery
Read the Petition of Joseph Gibbons the Younger Administrator with the Will annexed of James Martin late of St. Bartholomew Parish in Colleton County in the Province aforesaid Planter deceased and of William Gibbon who married one of the Daughters, Devisees and Legatees of the said James Martin Shewing that the said James Martin by his last Will and Testament Did Order direct and Devise, that all his Estate should be kept together till all his Debts were Discharged and paid, and then all his Moveable Estate be *466 equally Divided (at the discretion of his Executors) amongst all his Children Vizt Barack Martin, Hannah Gibbons (now Wife of Joseph Gibbons Junior) Sarah Martin John Martin and Ezra Martin to be for them their Heirs and Assigns forever and appointed his Son Barack Martin and his Friends Isaac Hayne and John Mitchel Executors and also Shewing that the said Executors are all Since dead, and the Petitioner Joseph Gibbons having married the Eldest Daughter of the Said Testator did after the Death of the Said Executors obtain Letters of Administration of the Estate and Effects of the said James Martin with his Will annexed unadministred by the said Executors and that the Testator’s Debts are all fully paid And that the Petitioner William Gibbon hath lately intermarried with Sarah Martin the other Daughter Devisee and Legatee of the said James Martin, And that the Petitioners were desirous of having the Personal Estate Of the Said James Martin Divided according to the Directions of the said Will: But as the Executors who were empowered to Divide the same are all Dead, There are no persons properly Authorized to Divide the said Estate, And therefore Praying, that this Court by an Order would be pleased to appoint Such proper Persons as to this Court Should Seem meet to Divide the said Personal Estate of the Said James Martin according to the Direction of the said last Will and Testament; And the Court having Considered the Said Petition, Do Order the Personal Estate of the said James Martin to be Divided according to the Direction of the Said Last Will and Testament, And Do Appoint James Skirving and James Bullock Esquires James Donnon, William Simmons and Samuel Lowle or any three of four of them to Divide the Same, and to allot to the Petitioners their Several Shares and Proportions thereof, and to return an account of the Division by them to be made under their hands to the Register of this Court, within three months from the Date hereof.
Alexr Stewart Deputy Register in Chancery
Read the Petition of Josias Allston in behalf of himself, and also of the said Josias Allston, and Thomas Mitchell and Benjamin Marion Executors of the last Will and Testament of John Allston late of Craven County deceased Shewing, That Samuel Allston Brother of the Petitioner Josias Allston lately departed this Life Intestate, and an Infant, By reason whereof the Petitioners were advised that his Personal Estate went in a Course of Distribution to his next of Kin vizt; One third part thereof to the Petitioner Josias Allston One third part to the Children of the said John Alston deceased, And one third part thereof to William Allston another Brother of the said Samuel Allston, and further Shewing, That the said John Allston deceased had left four Daughters all very Young, the Eldest not being Eleven Years of Age, and praying that this Court, would be pleased to appoint proper Persons to Divide the said Personal Estate and to allot to the Petitioner Josias his Share and *467 proportion thereof, And also to allot to the several other Petitioners as Executors of the said John Allston’s Will the Share and proportion of the said Samuel Allston’s Estate which appertains to the Children of the said John Allston, And further prayed, That this Court would be pleased to give them an Authority to sell such part of the said Samuel Allstons Personal Estate as Should on the Division aforesaid fall to the Children of the said John Allston, And that they might be empowered to let the said Monies out at Interest on Such Securities as they should esteem good, or as Should be approved of by the Master of this Court without prejudice to the Petitioners: And the Court having Considered the said Petition do think fit to appoint the said Thomas Mitchell and Benjamin Marion to be Guardians of the Infant Children of the said John Allston deceased and do appoint Messers William Allston Archibald Johnston and Thomas Waties to Divide the said Personal Estate, and to allot to the Petitioner Josias Allston his share and proportion thereof, and also to allot to the said Thomas Mitchel and Benjamin Marion as Guardians of the said John Allston’s Children their Share and proportion of the said Samuel Allston’s Estate; And do Authorize the said Thomas Mitchel and Benjamin Marion to Sell such Part of the said Samuel Allston’s personal Estate as shall on the Division aforesaid fall to the said Children of the said John Allston, And do Empower them to lett the Said Monies out at Interest on Such Securities as shall be approved of by the Master of this Court; for the Use and benefit of the said Children; And it is Ordered That the said William Allston, Archibald Johnston and Thomas Waties do return an Account of the Division by them to be made under their hands unto the Register of this Court within three Months from the Date hereof.
Alexr Stewart Deputy Register in Chancery
Read the Petition of William Simmons only Surviving Executor and of Susannah Bee Widow and Executrix of the last Will and Testament of Colonel John Bee late of Pon Pon in the Province aforesaid Gentleman deceased and Natural Guardian of Thomas Joseph and Rebeccah Bee her Infant Children Shewing, That the said John Bee by his last Will and Testament amongst other things did Order and Direct, That the remaining part of his Personal Estate should be divided into Seven equal parts equally amongst his seven Children to be delivered unto them at the age of Twenty one Years or day of Marriage and did empower his said Executrix and Executors to sell all or any part of his five Youngest Children’s Personal Estate, Provided they in their Discretion should think it necessary and Conducive to the Interest of his said Children, and further Shewing, That one of the said Testator’s Children is of full age, And that three of them are since dead, and the other three now living are all Infants under the Age of thirteen Years, Vizt Thomas Bee of the age of about thirteen Years, Joseph Bee of the *468 age of about Six Years, and Rebecca Bee of the age of about Eleven Years And that part of the said Infants Estate consisted of very good improveable Lands in this Province, And that the Petitioners have now by them a Considerable Sum of ready money, And that the Annual Income of their Estate will also be considerable And that the Petitioners apprehended the best Method of Improving the said Infants Estate would be by purchasing Negroes from time to time to be employed on their Lands in the Planting way, and Praying that this Court would be pleased to grant them an Authority to lay out the Profits of the said Minors Estate, already made and to be made in the Purchase of Slaves to be employed on the said Minors Estates for their Use and Benefit; And the Court having Considered the said Petition, Do Order that the Petitioners have Liberty, and do hereby Authorize and impower them to lay out the Profits from time to time arising from the said Infants Estate in the purchase of Slaves to be imployed on their Lands in the Planting way, according to the Prayer of the said Petition.
Alexr Stewart Deputy Register in Chancery
Upon Consideration had of the Humble Petition of Thomas Hasell only Acting Executor of the last Will and Testament of John Pagett who was Sole Executor of the last Will and Testament of Peter Pagett, and of Robert Quash Guardian of Francis Dallas a Minor only Surviving Child of Judith Dallas Sister and Devisee of the said Peter Pagett deceased, Which was this day read and moved to this Court by Mr. Charles Pinckney Junior [34] Sollicitor on behalf of the Petitioners, Setting forth (among other things) That upon the Petition of Constantia Pagett and John Hasell then Executrix and Executor of the last Will and Testament of the said John Pagett and of Robert Quash Guardian as aforesaid hereto preferred and Read to this Court, for the reasons therein contained, The said Constantia John and Robert obtained an Order for a Division of the Residuum of the Said Peter Pagett’s Estate to be made to and amongst the Devisees of the Said Peter Pagett by certain Auditors therein named and appointed, As in and by the said Order duly Entered and filed with the Register of this Court relation thereunto being had may more fully and at large appear; And also further Setting forth, that since the obtaining the above recited Order, the Said John Hasell the then acting Executor has departed this Life, and the Said Constantia the other acting Executrix has intermarried with Capt. Paddon Bond by which Intermarriage, she has Discharged herself of her Executorship pursuant to the express direction mentioned in the Will of the said John Pagett, By reason whereof the Design and Intent of the said last mentioned Order of this Court was frustrated, and the Auditors therein named could not Settle *469 and Adjust the Accounts of the Executorship of the said Estate and make their Return of the same to this Court within the time limited and restricted by the said Order; And further Setting forth, That the Now Petitioners Thomas Hasell and Robert Quash are Still desirous and Willing that the same Division and Adjustment which was before Ordered, may be now done and made, And that further time may be given for that purpose, and praying that certain fit and discreet persons may be appointed to make Such Adjustment and Division, It is thereupon Ordered by this Court, That Colonel Francis Lejeau Daniel Huger John Harlston and Samuel Thomas Esquires or any three of them Do view examine Adjust and Settle the Accounts of the said Estate of the said Peter Pagett and of the Executorship therein of the said John Pagett deceased whilst he was living And also the Executorship of the said Executors of the said John Pagett since his Death in and about the same, and upon such Settlement and Adjustment to make an Equal Division of all the Residuum of the Personal Estate of the said Peter Pagett, as by his Will is Devised and directed, and of all the Issues Increase and Profits thereof Between the said Francis Dallas and Elizabeth Pagett the only Child and Devisee of the said John Pagett, and also the Devisee of the said Peter Pagett. And it is also Ordered That the Petitioner Thomas Hasell and also the former Petitioners Constantia Bond and the Executors or Administrators of the Said John Hasell deceased as Executors of the said John Pagett on such Settlement Adjustment and Division be Discharged of their and each of their Executorships as to the part of the Said Estate now belonging to the Said Francis Dallas, And that the said Thomas Hasell Do Deliver the part or Share of the Residuum of the Estate of the said Peter Pagett deceased belonging and coming to the Said Francis Dallas unto the Said Robert Quash his Guardian for his use, and that for his So doing he be Indemnified by the Authority of this Court against all future Claims and Demands of the Said Francis Dallas on account of the Same, as in and by his Said Petition is prayed. And it is further Ordered by this Court That the Said Francis Lejeau, Daniel Huger John Harlston and Samuel Thomas Do make their Return of the Said Settlement and Division of the said Estate to this Court, on or before the Sitting of this Court in October next to be then read to, and Confirmed by this Court.
Alexr Stewart

 Col. Charles Pinckney, Jr. (1733-1782), for “Many years an eminent Counsellor at Law,” was the son of William Pinckney, master in chancery. Col. Pinckney’s son Charles was the author of the Pinckney draft of the Federal Constitution (SCHGM, XXXIX, 27).